98 F.3d 1348
 RICO Bus.Disp.Guide 9163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ZENITH INSURANCE COMPANY,
Plaintiff-Counter-defendant-Appellant/Cross-Appellee
v.
James W. EISENBERG, an individual; James W. Eisenberg,
M.D., a California corporation, d/b/a Amerimed Medical
Corporation; Eleventh Avenue Medical Group; East L.A.
County Medical Group; Valley Ridge Medical Group; Bay
Medical Group and Sand Point Medical Group; Lien
Collection, Inc.
Defendants-Counter-claimants-Appellees/Cross-Appellants
and
Michael J. Lightman; Excalibur Ventures, Inc., d/b/a Civic
Center Management; Robert Yale Libott, an individual; and
Robert Yale Libott, a law corporation, d/b/a Civic Law
Center, Defendants-Counter-claimants-Appellees.
 No. 94-55983, 94-56188, 94-56138.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Oct. 11, 1996.
 
 Before: BRIGHT,* NORRIS and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Section 2(b) of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, provides that state laws enacted for the purpose of regulating the insurance industry inversely preempt federal laws of general applicability.[1] 15 U.S.C. § 1012. In Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co., 50 F.3d 1486 (9th Cir.1995), we held that the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, was not inversely preempted by the California statutes regulating insurance because both the California insurance statutes and RICO prohibited the same fraudulent acts. This case is squarely controlled by Merchants Home, although the state insurance laws at issue are workers' compensation insurance laws.
 
 
 3
 Appellant Zenith Insurance Company ("Zenith") issues workers' compensation insurance policies to employers. In October 1992, it filed an action in the district court against appellees James Eisenberg, a doctor, Robert Yale Libott, a lawyer, Michael Lightman, a manager, and appellee corporations owned or managed by one of the three individual appellees. In its complaint, Zenith alleged that appellees violated RICO and state fraud laws. Zenith's factual allegations fell into two main categories. First, Zenith alleged that appellees recruited uninjured workers to file bogus workers' compensation claims against their employers. Second, Zenith alleged that appellees submitted fraudulently inflated bills for medical and legal services that appellees provided to injured and uninjured workers.
 
 
 4
 Appellees moved to dismiss Zenith's RICO claims on the ground that they were inversely preempted by state law under the McCarran-Ferguson Act. The district court granted the motion without a statement of reasons. The court also dismissed Zenith's pendent state law claims without prejudice.
 
 
 5
 While the case was pending on appeal, our court decided Merchants Home. In Merchants Home, a national shipping company retained an insurance broker to secure insurance policies and to process claims for which the company self-insured. The company claimed that the insurance broker had defrauded it in three ways: (1) by overbilling for premiums on actual insurance policies, (2) by billing for premiums on fictitious policies, and (3) by billing for self-insured claims that were never paid to claimants. Merchants Home, 50 F.3d at 1488. The question presented was whether the McCarran-Ferguson Act precluded application of RICO on the facts of the case.
 
 
 6
 The McCarran-Ferguson Act precludes the application of a federal statute if: (1) the statute does not "specifically relate" to the business of insurance, (2) the acts challenged under the statute constitute the business of insurance, (3) the state has enacted a law or laws regulating the challenged acts, and (4) the state law would be superseded, impaired or invalidated by application of the federal statute. Id. at 1489. All four factors must be satisfied. Id.
 
 
 7
 In Merchants Home, our analysis centered, in part, on the fourth element. As to the question whether application of RICO would "invalidate, impair, or supersede" California law, we decided that "application of a federal statute prohibiting acts which are also prohibited under a state's insurance laws does not 'invalidate, impair, or supersede' the state's laws under § 2(b) of the McCarran-Ferguson Act." Id. at 1492. Accordingly, we held that the shipping company's civil RICO action for insurance fraud was not preempted by state law under the McCarran-Ferguson Act.
 
 
 8
 This case, like Merchants Home, involves allegations of insurance fraud. Specifically, Zenith alleges (1) that appellees recruited uninjured workers to file fictitious workers' compensation claims insured by Zenith, and (2) that appellees overbilled Zenith for medical and legal services to workers whose employers were insured by Zenith. Also like Merchants Home, the case involves alleged fraudulent practices that are prohibited both under California law and under the federal RICO statute.
 
 
 9
 We hold that this case is controlled by Merchants Home because there is no principled basis for distinguishing, for McCarran-Ferguson Act purposes, between the alleged insurance fraud in that case and the alleged insurance fraud in this case. And Merchants Home instructs that in a case such as this, RICO does not impermissibly "invalidate, impair, or supersede" California law. Accordingly, the McCarran-Ferguson Act does not prohibit application of RICO in this case.
 
 
 10
 Appellees argue that application of RICO would "impair" California law because Zenith's action for damages "would upset the delicate balance established by the California Legislature" when it created the workers' compensation system. Appellees' Br. at 22. This argument is, however, foreclosed by Merchants Home. In that case, the defendant made a similar argument: to wit, that a private action under civil RICO "would upset the balance struck by California's insurance code, which, in general, allows only administrative enforcement and actual damages." Merchants Home, 50 F.3d at 1491 (citation omitted). We rejected this argument and adopted the Seventh Circuit's rule that "state and federal laws proscribing identical conduct do not conflict with or displace each other, and may coexist under the McCarran-Ferguson Act." Id. at 1492 (citing National Ass'n for the Advancement of Colored People v. American Family Mut. Ins. Co., 978 F.2d 287, 297 (7th Cir.1992)).
 
 
 11
 We also explained in Merchants Home that the language of the McCarran-Ferguson Act is inconsistent with appellees' "delicate balance" argument.
 
 
 12
 First, [the Act's] exemption of federal laws which specifically relate to the business of insurance weighs against a congressional intent wholly to abandon the field to the states. Second, only federal statutes which "invalidate, impair, or supersede" state insurance statutes are "preempted." If Congress had intended to cede the field, it could have said: "No federal statute shall be construed to apply to the business of insurance." Instead, it allowed federal statutes to apply unless they conflict with the states' statutes.
 
 
 13
 Id.
 
 
 14
 Following Merchants Home, we REVERSE the judgment and REMAND for further proceedings.[2]
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 2 of the Act provides, in relevant part:
 (a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.
 (b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance....
 15 U.S.C. § 1012.
 
 
 [2]
 We construe the district court's order of June 14, 1994 as a stay pending appeal, which dissolves upon filing of this disposition